860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy I. LAUX, Executrix of the Estates of Luvern J. Laux,
deceased, Plaintiff-Appellee,
v.
Jon A. JUILLERAT, personally; Jon A. Juillerat d/b/a Jon A.
Juillerat and Company, Defendants-Appellants.
Transamerican Freight Lines, Defendant-Cross Claimant-Appellee.
 No. 87-3849.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and DOUGLAS W. HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 On September 30, 1983, Luvern Laux was killed in an automobile accident. The other vehicle involved was a tractor-trailer owned by defendant Jon A. Juillerat, d/b/a Jon A. Juillerat and Company. The tractor-trailer was being driven by Myron Warfel, an employee of Juillerat. Warfel's negligence was the sole proximate cause of Laux's death.[1] At the time of the accident, the Juillerat truck was being driven by Warfel pursuant to a trip lease with defendant Transamerican Freight Lines. Transamerican admitted that under applicable regulations of the Interstate Commerce Commission (ICC) it is liable to Laux's estate and has paid the judgment in full.[2] Thus, the only issue tried in the district court concerned whether Juillerat was jointly liable with Transamerican for Laux's damages. This issue becomes significant because the trip lease signed by Warfel on behalf of Juillerat[3] contains indemnity provisions which, if valid, would require Juillerat to indemnify Transamerican. The district court resolved this issue in favor of Transamerican. Before this court, Juillerat reiterates the arguments he unsuccessfully advanced in the district court. Essentially, Juillerat argues that, under the loaned servant doctrine, Transamerican should be liable to respond in damages to the exclusion of Juillerat. Juillerat also argues that the indemnity provision should not be enforced because (1) they do not comply with federal law; (2) they are unenforceable under the facts of this case, i.e., Warfel was a loaned employee to Transamerican; and (3) they are ambiguous.[4] These issues were tried to the court and, upon review, the district court's finding of fact can only be reversed if clearly erroneous. Its conclusions of law are reviewed de novo.
 
 
 2
 After a careful study of the record, we conclude that each and every issue on appeal was fully considered by Judge Rice and that he wrote a detailed and thorough opinion discussing all of Juillerat's contentions. We fully agree with the district judge's analysis and conclusion on the issues presented and, since we cannot improve upon Judge Rice's opinion, we adopt it as our opinion on appeal and AFFIRM.
 
 
 
 *
 Honorable Douglas W. Hillman, Chief Judge, United States District Court, Western District of Michigan, sitting by designation
 
 
 [1]
 This wrongful death action was instituted in federal court pursuant to jurisdiction based on diversity. The parties stipulated to Warfel's negligence being the sole proximate cause of the accident and also stipulated to $550,000 in damages
 
 
 [2]
 49 C.F.R. Sec. 1057.22
 
 
 [3]
 On appeal, Juillerat does not raise the issue of Warfel's authority to enter into the trip lease
 
 
 [4]
 In the district court, Juillerat also argued that the indemnification clauses were void as against public policy, but has not raised that issue on appeal